IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 MAY -5 AM 11: 00
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY____EC____
         DEPUTY

| | | |
|---|---|---|
| LUZ ELENA VIESCAS DE SANCHEZ, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-13-CV-0330-LS |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial before a United States Magistrate Judge, the case was transferred to this Court pursuant to the provisions of 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas, to conduct any and all further proceedings in the cause, including trial and entry of judgment. [ECF No. 13]

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I. BACKGROUND**

Plaintiff was born in December 1957, completed a sixth grade education, and is unable to communicate in English. (R:132, 165, 166)[1] She has work experience as an inspector and as a janitor/housekeeper. (R:30, 167, 173) Plaintiff discontinued working in August 2010, due to her

---

[1] Reference to the Administrative Record, contained in Docket Entry Number 16, is designated by an "R" followed by the page number(s).

medical conditions. (R:166)

## II. ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the Administrative Law Judge's residual functional capacity ("RFC") determination is not supported by substantial evidence because he failed to properly consider all of Plaintiff's limitations. In particular, Plaintiff asserts that the law judge failed to consider the limiting effects of her arthritis and obesity. She contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

## III. PROCEDURAL HISTORY

In August 2010, Plaintiff filed applications for DIB and SSI benefits, with an alleged onset date of August 6, 2010, claiming disability due to hand eczema and thyroid problems. (R:16, 132, 140, 166) Her applications were denied initially and upon reconsideration. (R:16, 33-40) Upon Plaintiff's written request for a hearing, an administrative hearing was held on May 22, 2012. (R:16, 28-32, 54-55) Administrative Law Judge ("ALJ") W. Thomas Bundy issued his decision on June 15, 2012, finding Plaintiff not disabled, and denying benefits. (R:16-21) The Appeals Council denied Plaintiff's request for review on August 22, 2013. (R:1-8)

Plaintiff initiated the instant cause on October 21, 2013. [ECF No. 1] Upon the granting of her motion to proceed in forma pauperis, her complaint was filed on October 23, 2013. [ECF No. 4] Defendant filed an answer and a transcript of the administrative proceedings on January 31,

2014. [ECF Nos. 15, 16] Plaintiff filed a brief in support of her claims on March 25, 2014. [ECF No. 19] On April 24, 2014, Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF No. 20] Plaintiff filed a reply brief on May 5, 2014. [ECF No. 21] The case was transferred to United States Magistrate Judge Leon Schydlower on December 8, 2015. [ECF No. 22]

## IV. DISCUSSION

### A. STANDARD OF REVIEW

The court's review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Id.* Conflicts in the evidence are for the Commissioner and not for the courts to resolve. *Perez*, 415 F.3d at 461.

### B. EVALUATION PROCESS

A claimant bears the burden of proving a disability, which is defined as any medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Masterson*, 309 F.3d at 271. The ALJ evaluates disability claims according to a

sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing her past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520, 416.920. However, if the claimant has shown that she cannot perform her previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999). If the Commissioner establishes other gainful employment, the burden shifts back to the claimant to prove she is unable to perform the alternate work. *Id.*

The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett*, 67 F.3d at 564. "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Id.*

The mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments and how they affect her ability to work. *See* 20 C.F.R. §§ 404.1512(c), 416.912(c). Her own subjective complaints, without objective

medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929.

### C. THE ALJ'S DECISION

At step one of the sequential disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 6, 2010, the alleged onset date.[2] (R:18) At step two, the ALJ found that Plaintiff had severe impairments consisting of contact dermatitis and hypothyroidism. (R:18) However, at step three, he found that none of Plaintiff's impairments met or equaled the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:18-19)

Before proceeding to step four, the ALJ determined that Plaintiff retained the functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk for 6 hours in an 8-hour workday, and to sit for 6 hours in an 8-hour workday. (R:19) *See* 20 C.F.R. §§ 404.1567, 416.967.[3] In reaching this determination, the ALJ considered the medical evidence, the hearing testimony, and Plaintiff's reported symptoms and activities of daily living. (R:19-20) He attributed great weight to the opinion of Onyema Amakiri, D.O., who examined Plaintiff on a consultative basis on December 15, 2010, and concluded that Plaintiff had no limitations with regard to handling objects, carrying, lifting, moving about, standing or sitting. (R:20, 311-14)

---

[2] Plaintiff was found to meet the insured status requirements of the Social Security Act through March 31, 2012. (R:18)

[3] Light work is defined as work that involves "lifting no more than 20 pounds at a time and frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b). The full range of light work involves "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10.

At step four, and upon considering vocational expert testimony, the ALJ ruled that an individual with Plaintiff's RFC could perform Plaintiff's past relevant work as an inspector, as actually and as generally performed.[4] (R:20) The ALJ concluded that Plaintiff was not disabled from her alleged onset date through the date of the ALJ's decision. (R:20)

### D. THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff asserts that the ALJ erred in determining her residual functional capacity by failing to include limitations related to her arthritis and failing to include limitations relating to obesity in accordance with Social Security Ruling ("SSR") 02-1p. The Defendant responds that the ALJ properly considered the limiting effects of Plaintiff's impairments, including her arthritis and obesity, and that substantial evidence supports the decision of the ALJ.

Residual functional capacity is the most an individual can still do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. §§ 404.1546, 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite her physical and mental limitations, based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported by the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

---

[4] *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* ("DOT") § 741.687-010 (Paint-spray Inspector) (4th Ed., Rev. 1991).

1. **Medical Evidence**

The administrative record contains medical evidence showing that Plaintiff was diagnosed with hypothyroidism and arthritis in October 2004. (R:347) Clinical notations from May 2009 and October 2009 also reflect diagnoses of hypothyroidism and arthritis. (R:244, 247)

The record further shows that Plaintiff was treated for eczema on her hands in August 2009. (R:211-13) In June 2010, she was treated at the emergency room for a widespread rash on her body. (R:223-24) She was advised to follow up with her dermatologist. (R:224) In August 2010, she was diagnosed with allergic contact dermatitis and was prescribed Prednisone and Atarax. (R:414, 418)

On December 15, 2010, Dr. Amakiri performed a consultative examination of Plaintiff for her complaints of hand eczema and thyroid problems. (R:311) Dr. Amakiri observed that she appeared in no apparent distress, was well developed, and well nourished. (R:312) Plaintiff's weight was recorded at 187 pounds, her height at 5'1," and her body mass index ("BMI") at 35.[5] (R:312) Upon examination, all of her extremities appeared warm and dry with no evidence of peripheral edema or varicosities. (R:313) Her musculoskeletal exam revealed a full range of motion, symmetric strength, and normal muscle tone without any atrophy or abnormal movements. Her muscle strength was 5/5 for all groups tested. Her intrinsic hand strength was 5/5 bilaterally. Her straight-leg test was negative. Plaintiff exhibited normal heel-toe and tandem walking. The doctor also noted that she was ambulatory without assistance. Dr. Amakiri diagnosed Plaintiff with contact dermatitis, other eczema, and unspecified hypothyroidism. Based on the

---

[5] BMI is the ratio of an individual's weight in kilograms to the square of his or her height in meters ($kg/m^2$). According to guidelines established by the National Institutes of Health, a BMI of 25-29.9 is described as "overweight" and a BMI of 30.0 or above as "obesity" for adults, both men and women. SSR 02-1p.

examination results, Dr. Amakiri concluded that Plaintiff had no limitations with speaking, hearing, handling objects, carrying, lifting, moving about, standing, or sitting. (R:313)

On December 20, 2010, Dr. Laurence Ligon, a state agency medical consultant, determined that Plaintiff's medically determinable impairments of hypothyroidism and skin rash were non-severe. (R:315) This determination was affirmed by state agency medical consultant Dr. Yvonne Post on January 21, 2011. (R:316)

In April and July 2011, progress notes reflect that Plaintiff's contact dermatitis was under "good control." (R:422) At a follow up visit in January 2012, her dermatitis was again noted as under good control. (R:421) Additional clinical records from March 2012, reflect that Plaintiff continued to be diagnosed with hypothyroidism, and at that time weighed 202 pounds with a BMI of 36.94. (R:425, 426)

### 2. Hearing Testimony

At the administrative hearing conducted on May 22, 2012, Plaintiff testified that she left her maintenance work in August 2010 because problems with her hands prevented her from performing her work. (R:29) She testified that she saw a doctor every six months for her hands, and was prescribed ointments to treat her hands. (R:30) She stated that her hands were doing better after using the ointments and taking care of her hands. (R:30) She also stated that her doctor advised her to avoid handling water and not to cook on a stove very long due to weakness in her hands. (R:30-31) To clarify, she stated that she had problems both with strength and with pain in her hands, and often dropped things. (R:31, 32)

A vocational expert testified regarding Plaintiff's past relevant work. She stated that Plaintiff's work as a housekeeper would be considered light level work with an SVP (Specific

Vocational Preparation) of 2, and that the work as an inspector would also be considered light level work with an SVP of 2.[6]

### 3. ALJ's Consideration of Plaintiff's Arthritis

Plaintiff contends that the ALJ failed to consider the limitations related to her arthritis in determining her RFC. As support for her contention, she relies upon her statements in her Function Report, indicating various functional limitations, and in her Disability Report on Appeal, stating that she suffers from arthritis problems. (R:186, 198) At the administrative hearing, Plaintiff testified that she stopped working due to problems with her hands, that she had no strength in her hands, that she often dropped things, and that she had pain in her hands. (R:29, 31, 32) However, her own statements are insufficient to establish a medical impairment without objective, clinical findings to support such statements. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529, 416.908, 416.928, 416.929.

Aside from her subjective reports, Plaintiff references medical records reflecting diagnoses of arthritis on October 1, 2004, May 11, 2009, and October 29, 2009. (R:244, 247, 347) However, these records are prior to her alleged onset date of disability, and thus outside the relevant period. More importantly, she fails to demonstrate through objective evidence any additional functional limitations arising from the arthritis diagnoses beyond those included in the ALJ's RFC determination. The record evidence shows that Dr. Amakiri observed normal movement, reaching, fingering, and feeling objects, and found no functional limitations in Plaintiff's carrying, lifting, or handling objects. (R:313) Thus, because Plaintiff fails to demonstrate any functional limitations

---

[6] *See* DOT §§ 323.687-014 (Housekeeper, light, SVP 2), 741.687-010 (Inspector, light, SVP 2). An SVP of 1 or 2 corresponds to unskilled work. *See* SSR 00-4p.

beyond those assessed by the ALJ in his RFC determination, her argument is unavailing.[7]

### 4. ALJ's Consideration of Plaintiff's Obesity

Plaintiff contends that the ALJ erred in failing to consider the limiting effects of her obesity in determining her RFC and failing to consider her obesity in combination with her other impairments. Social Security Ruling 02-1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p. An ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but must instead "evaluate each case based on the information in the case record." *Id.*

Review of the medical records in this case shows that Plaintiff was diagnosed with obesity in November 2000, prior to her alleged onset of disability. (R:361) For the relevant time period, the medical evidence reflects that Plaintiff's weight ranged from 184.5 pounds to 202 pounds and that her BMI ranged from 35 to 36.94. (R:312, 423, 426)

Aside from her weight and BMI notations, however, Plaintiff fails to demonstrate how obesity affected her functioning beyond that assessed by the ALJ in his RFC findings. The record is silent as to any findings by Plaintiff's doctors attributing any functional limitations due to obesity. Dr. Amakiri found Plaintiff to have no limitations with speaking, hearing, handling objects, carrying, lifting, moving about, standing, or sitting. (R:313) Beyond her own subjective complaints, Plaintiff fails to produce evidence of any functional limitations due to obesity.

---

[7] The record contains a medical progress note dated August 26, 2010, that appears to reflect a diagnosis of arthritis (based on the diagnostic code) but was not referenced by Plaintiff. (R:323) [ECF No. 21, p.1] However, even if the Court considers such evidence, its findings would remain unchanged because Plaintiff fails to show objective evidence of additional limitations caused by arthritis.

Although the ALJ did not specifically address the presence of obesity in his decision, he did state that he must consider all of Plaintiff's impairments, including those that are non-severe in determining Plaintiff's RFC. (R:17-18) By considering the symptoms of Plaintiff's other impairments, all of which may be aggravated by her obesity, the ALJ's RFC determination, in effect, considered the impact of Plaintiff's obesity on her ability to work. *See Hobbs v. Astrue*, 627 F.Supp.2d 719, 727 (W.D. La. 2009) (although the ALJ did not mention claimant's obesity or discuss the impact of her obesity on her ability to work, he "did, in effect, consider the impact of claimant's obesity on her ability to work when he considered the impact of the physical symptoms caused or aggravated by her obesity."). Although the ALJ did not specifically address Plaintiff's obesity, there is no evidence in the record that this condition limited Plaintiff more than reflected in the ALJ's RFC determination..

Even assuming that the ALJ's failure to specifically address obesity constitutes non-compliance with SSR 02-1p, Plaintiff has failed to demonstrate prejudice from such failure. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (the court will not vacate a judgment unless the substantial rights of a party have been affected); *see also Beggs v. Colvin*, Civ. No. 4:14-CV-129-O, 2015 WL 5542540 at *6 (N.D. Tex. Aug. 31, 2015), *adopted by* 2015 WL 5547010 (N.D. Tex. Sept. 15, 2015) (ALJ's failure to address obesity did not require remand where Plaintiff failed to show obesity affected her functioning, and thus failed to show prejudice). Plaintiff has not shown, through objective evidence or otherwise, any limitations resulting from her obesity. Consequently, her argument is without merit.

V. CONCLUSION

Accordingly, based upon a review of the evidence, the Court finds that the ALJ's RFC

determination comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit. Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on May 5, 2016.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**